492 P.2d 80 (1971)
BELL PETROLEUM COMPANY, a California Corporation, Plaintiff-Appellee,
v.
The CROSS V. CATTLE COMPANY, a Colorado Corporation, Defendant-Appellant;
Sinclair Oil and Gas Company, a Maine Corporation (and its successor in interest Sinclair Oil Corporation, a New York Corporation), Defendant-Appellee;
Humble Oil and Refining Company, a Delaware Corporation, Defendant-Appellant;
State of Colorado, for the Use and Benefit of the Colorado Game, Fish and Parks Commission, Defendant-Appellee;
Glennie Loeb et al., Defendants-Appellants;
All Unknown Persons who claim any interest in the subject matter of this action, Defendants-Appellees.
No. 70-419.
Colorado Court of Appeals, Div. I.
November 16, 1971.
Rehearing Denied December 7, 1971.
Delaney & Balcomb, Edward Mulhall, Jr., Glenwood Springs, Quiat & Quiat, James C. Bull, Denver, for defendants-appellants, The Cross V. Cattle Co., Humble Oil and Refining Co., Glennie Loeb and Herman Horwich, Jack C. Burkhardt, Jacob Burkhardt, Edward Burkhardt, Galen J. Burkhardt, and Glennie Loeb, Individually.
Holland & Hart, Donald O. Kinonen, Robert P. Davison, Denver, for plaintiff-appellee, Bell Petroleum Co.
Akolt, Shepherd, Dick & Rovira, Wallis L. Campbell, Denver, for defendant-appellee, Sinclair Oil and Gas Co.
Duke W. Dunbar, Atty. Gen., Gerald W. Wischmeyer, Asst. Atty. Gen., James H. Mosely, Sp. Asst. Atty. Gen., Denver, for defendant-appellee, State of Colorado.
Not Selected for Official Publication.
ENOCH, Judge.
This is a quiet title action brought by Bell Petroleum Company (Bell) for adjudication of rights in oil shale deposits underlying three tracts of land in the Piceance Basin in Rio Blanco County. The ownership of the surface and of other minerals is not in dispute. Bell and the State of Colorado (State) own the entire mineral *81 estate in equal shares, subject to certain reservations now owned by appellants. The issue presented is whether the reservations included oil shale. Trial was to the court which found the reservations ambiguous, and then, after hearing parol evidence, ruled that the reservations did not include any interest in oil shale. Bell and the State were, accordingly, decreed owners in equal shares of all oil shale underlying the three tracts.
The three tracts were conveyed by Jacob Burkhardt (Grantor) on March 7, 1945, by separate deeds to the predecessor in interest of Bell and the State. Each deed contained the following reservation:
"The Grantor reserves for itself, its successors and assigns an undivided one-half interest in and to all oil and gas rights and in and to all oil and gas in or under said lands, or any part thereof, and occupy so much of the surface as may be necessary to drill and prospect for oil and gas and to market the same upon payment to the grantee or its assigns of all damages occasioned by such operations." (Emphasis added.)
The trial court's finding that the reservations were not of such plain and universal meaning as to preclude parol evidence is not contested by the appellants. No claim is made in this appeal that, as a matter of law, oil shale is included in a reservation of oil and gas. Appellants assign as error the trial court's finding that there was no intention on the part of the Grantor of the warranty deeds to reserve any rights in oil shale. Appellants contend that their evidence demonstrated that pursuant to custom and usage in the material area at the time of the execution of the three deeds, the Grantor intended the words "oil and gas" and "oil and gas rights" to include oil shale in the reservations. Appellants further argue another deed incorporated by reference in one of the deeds in question demonstrated Grantor's intent to reserve oil shale and that admissions against interest were made by the predecessor in interest of Bell and the State, indicating this intent.
There was conflicting evidence on each of these points. The trial court ruled that the evidence did not establish an intent on the part of the Grantor to reserve oil shale. This conclusion is supported by the record and is in accord with the general principles that reservations are construed more strictly than grants and that ambiguities are construed against the Grantor. Radke v. Union Pacific R.R. Co., 138 Colo. 189, 334 P.2d 1077.
Judgment affirmed.
SILVERSTEIN, C.J., and PIERCE, J., concur.